UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10493 GAO

MANUEL ROSA
  Plaintiff,

v.

CITY OF BOSTON,
  Defendant.

### DEFENDANT, CITY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

Now comes the Defendant, City of Boston and answers the Plaintiff's Complaint as follows:

### PARTIES

1. Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the complaint, and therefore neither admits nor denies said allegations.

2. Defendant City of Boston admits the allegations contained in paragraph two of the Complaint.

### FACTS

3. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint and therefore neither admits nor denies said allegations.

4. Defendant City of Boston admits the allegations contained in paragraph four of the Complaint.

5. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint and therefore neither admits nor denies said allegations.

6. Defendant City of Boston admits the Plaintiff was arrested on March 10, 1997 by Boston Police. Answering further, Defendant City of Boston admits the Court ordered the Plaintiff discharged on March 11, 1997. Answering further, Defendant City of Boston states it is without knowledge or information sufficient to form a belief as to the truth of

      the remaining allegations contained in paragraph six of the Complaint and therefore neither admits nor denies said allegations.

7. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint and therefore neither admits nor denies said allegations.

8. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the Complaint and therefore neither admits nor denies said allegations.

9. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint and therefore neither admits nor denies said allegations.

10. Defendant City of Boston admits that the Plaintiff was arrested on January 17, 2001 by Boston Police. Answering further, Defendant City of Boston states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph ten of the Complaint and therefore neither admits nor denies said allegations.

11. Defendant City of Boston admits the Court ordered the Plaintiff discharged on January 18, 2001. Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph eleven of the Complaint and therefore neither admits nor denies said allegations.

12. Defendant City of Boston admits that on February 21, 2001, the Court issued an expungement order. Answering further, the City of Boston states that the Court Order speaks for itself. Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twelve of the Complaint and therefore neither admits nor denies said allegations.

13. Defendant City of Boston denies the allegations contained in paragraph thirteen of the Complaint.

14. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of whether its employees were acting under color of state law at all material times relevant to Plaintiff's Complaint. Answering further, Defendant City of Boston denies the remaining allegations contained in paragraph fourteen of the Complaint.

15. Defendant City of Boston states that the allegations contained in paragraph fifteen of the Complaint constitutes a statement of law to which no response is required. To the extent an answer is required, it is denied.

16. Defendant City of Boston admits the allegations contained in paragraph sixteen to the extent that a letter purporting to be notice was received by the City of Boston's Clerk office on February 26, 2001.

## CAUSES OF ACTION

(Defendant City of Boston repeats and re-alleges its prior answers as if fully set forth herein.)

## FIRST CAUSE OF ACTION

17. Defendant City of Boston states that the allegations contained in paragraph seventeen of the Complaint constitutes a statement of law to which no response is required. To the extent an answer is required, it is denied.

## SECOND CAUSE OF ACTION

The City of Boston does not answer paragraph eighteen of the Complaint, as the parties have filed a stipulation of dismissal as to this count.

## THIRD CAUSE OF ACTION

The City of Boston does not answer paragraph nineteen of the Complaint, as the parties have filed a stipulation of dismissal as to this count.

## FOURTH CAUSE OF ACTION

20. Defendant City of Boston states that the allegations contained in paragraph twenty of the Complaint constitute a statement of law to which no response is required. To the extent an answer is required, it is denied.

## FIFTH CAUSE OF ACTION

The City of Boston does not answer paragraph twenty-one of the Complaint, as the parties have filed a stipulation of dismissal as to this count.

## SIXTH CAUSE OF ACTION

22. Defendant City of Boston states that the allegations contained in paragraph twenty-two of the Complaint constitutes a statement of law to which no response is required. To the extent an answer is required, it is denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Defendant City of Boston states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### *Second Affirmative Defense*

The Defendant City of Boston states that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### *Third Affirmative Defense*

The Defendant City of Boston states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

### *Fourth Affirmative Defense*

The Defendant City of Boston states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant City of Boston.

### *Fifth Affirmative Defense*

The Defendant City of Boston states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### *Sixth Affirmative Defense*

The Defendant City of Boston states that the Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claim against the City of Boston

### *Seventh Affirmative Defense*

The Defendant City of Boston states that it is immune from liability in this matter pursuant to the so-called "public duty rule" as codified in the provisions of M.G.L. c. 258.

### *Eighth Affirmative Defense*

The Defendant, City of Boston, states that it is immune from liability in this matter pursuant to the provisions of M.G.L. c. 258 §10(b) in that its agents were engaged in the performance of so-called "discretionary functions" at all relevant times.

### *Ninth Affirmative Defense*

The Defendant City of Boston states that Plaintiff has failed to comply with the presentment requirements of M.G.L. c.258.

### *Tenth Affirmative Defense*

The Defendant City of Boston states that it is a public employer under M.G.L. c. 258 §1.

### *Eleventh Affirmative Defense*

The Defendant City of Boston states that the alleged damages were caused in whole or in part by the Plaintiff's own negligence, wherefore recovery of the Plaintiff is barred in whole or in part, or is subject to diminution.

### *Twelfth Affirmative Defense*

The Defendant City of Boston states that it is entitled to judgment for costs pursuant to M.G.L. c. 258 §11.

### *Thirteenth Affirmative Defense*

The Defendant City of Boston states that the Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the alleged violation of the Plaintiff's constitutional rights

### *Fourteenth Affirmative Defense*

The Defendant City of Boston states that it was justified in its acts or conduct and that therefore the Plaintiff cannot recover.

### *Fifteenth Affirmative Defense*

The Defendant City of Boston states that the Plaintiff has not been deprived of any rights secured by either the constitution or the laws of the United States or Commonwealth of Massachusetts.

### *Sixteenth Affirmative Defense*

The Defendant, City of Boston, states that it is a municipality against which punitive damages may not be assessed.

### *Seventeenth Affirmative Defense*

The Defendant, City of Boston states that the Plaintiff's claims are barred by the applicable statute of limitations.

*Wherefore*, the Defendant City of Boston requests this Court to dismiss this action and whatever such other relief as it deems appropriate.

## JURY CLAIM

The Defendant City of Boston demands a trial by jury on all claims.

        Respectfully submitted,

        DEFENDANT, CITY OF BOSTON
        Merita Hopkins
        Corporation Counsel
        By its attorney,

        /s/ Amy E. Ambarik
        Amy E. Ambarik, BBO # 637348
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4099