UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10493 GAO

MANUEL ROSA,
    <u>Plaintiff</u>

v.

CITY OF BOSTON,
    <u>Defendant</u>

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT</u>**

**<u>INTRODUCTION</u>**

Defendant, City of Boston, incorporates by reference the facts set forth in its Local Rule 56.1 Statement of Facts.

The Plaintiff filed his complaint solely against the City of Boston on February 18, 2004 in Suffolk Superior Court. The case was removed to the federal District Court for the District of Massachusetts by a notice of removal filed by the City on March 11, 2004.

The Plaintiff's Complaint Directed six counts against the City, asserting causes of action for:

    1.    violation of his civil rights pursuant to 42 U.S.C. § 1983;

    2.    violation of his civil rights pursuant to the Massachusetts Civil Rights Act;

    3.    unjust imprisonment;

4.   negligent infliction of emotional distress;

5.   unjust arrest; and

6.   violation of the Massachusetts Tort Claims Act.

The counts for unjust imprisonment, unjust arrest and violation of the Massachusetts Civil Rights Act were dismissed by stipulation of both parties on March 18, 2004. The City now seeks summary judgment on the three remaining causes of action: negligent infliction of emotional distress, violation of 42 U.S.C. § 1983, violation of the Massachusetts Tort Claims Act.

**Summary Judgment Standard**

Pursuant to Fed. R. Civ. P. 56(b), "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." If the defendant's "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," the defendant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). See also Pure Distrib., Inc. v. Baker, 285 F.3d 150 (1st Cir. 2002). Summary judgment is appropriate when plaintiff fails to show sufficient evidence to establish an essential element of his case, on which he bears the burden of proof at trial. See Cleveland v. Policy Mgmt. Sys. Corp., 526

U.S. 795, 805-06 (1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  "Once the movant avers an absence of evidence to support the nonmoving party's case, the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material.'"  Sheinkopf v. Stone, 927 F.2d 1259, 1261 (1st Cir. 1991) (quoting Celotex, 477 U.S. at 325; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); and cases cited).  Here, as described below, the Plaintiff cannot adduce specific facts establishing one issue that is both genuine and material, and the City is, therefore, entitled to judgment as a matter of law.

## ARGUMENT

**I. The Plaintiff's Claim of Negligent Infliction of Emotional Distress Should Be Dismissed Because The Plaintiff Has Produced No Evidence Of Any Accompanying Physical Injury.**

Claims for Negligent Infliction of Emotional Distress, like any other claims of negligence against a Massachusetts municipality, are governed by the Massachusetts Tort Claims Act found in Chapter 258 of the Massachusetts General Laws.  G.L. c. 258.

The City of Boston cannot be held liable for negligent infliction of emotional distress because the Plaintiff has not produced evidence of any physical injury as a result of any action by a City of Boston employee.  In fact, to the contrary, Plaintiff has stated several times that he has not suffered any

physical injury as a result of any action by any City of Boston employee.

In Massachusetts, the elements of negligent infliction of emotional distress are "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993), citing Payton v. Abbot Labs, 386 Mass. 540, 557 (1982).

The Plaintiff's claim of negligent infliction of emotional distress should be dismissed because he has not shown any evidence of the fourth required element of that tort: physical harm manifested by objective symptomatology. Payton, 386 Mass. at 545-57. To satisfy the physical harm requirement, plaintiffs must corroborate their claims of distress with "enough objective evidence of harm to convince a judge that their claims present a sufficient likelihood of genuineness to go to trial." Sullivan, 414 Mass. at 137-38. Plaintiffs must prove more than mere upset, dismay, humiliation, grief and anger. Gutierrez v. Mass. Bay Trans. Auth., 437 Mass. 396, 412 (2002).[1]

---

[1] Though it is inconsequential whether the physical harm caused the emotional distress or the emotional distress caused the physical harm so long as there is in fact physical harm, see Payton, 386 Mass. at 556, this distinction is irrelevant in the present case because the Plaintiff has shown no evidence at all of any physical harm. See also DiGiovani v. Latimer, 390 Mass.

There are several groups of symptoms, when considered together, that the courts have found satisfy the physical harm element of negligent infliction of emotional distress. See, e.g., Rodriguez v. Cambridge Housing Auth., 443 Mass. 697, 702 (2005) (hospitalization for posttraumatic stress disorder); Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993) (posttraumatic stress disorder along with its "severe physical symptoms," diarrhea, heart palpitation, sleeplessness, nightmares, weeping, depression, tension headaches, muscle tenderness, concentration and reading problems, sleeplessness, gastrointestinal distress, and upset stomach); Bresnahan v. McAuliffe, 47 Mass. App. Ct. 278, 282 (1999) (crying spells, stomach pain, nausea, severe headaches, body shakes, loss of concentration, depression, nightmares, anxiety, and the loss of sexual relationship with spouse).

In contrast, emotional problems, upset, mental anguish, frustration, anxiety and depression (without any other accompanying symptoms) are insufficient to provide the required objective corroboration of the emotional distress alleged. DiGiovanni v. Latimer, 390 Mass. 265, 271 (1983). Neither are dismay, humiliation, grief and anger sufficient to satisfy the

---

265, 271 (1983) (stating that failure to demonstrate either that the physical harm caused the emotional harm or the emotional harm caused the physical harm precludes plaintiff from satisfying physical harm requirement).

5

physical harm element.  See Tomaiolo v. Labovitz, 2001 WL 1813755 (Mass. Super. Ct. 2001).

Here, the Plaintiff claims only negligible manifestations of emotional distress and absolutely no physical symptoms.  Rosa has stated in both his answers to interrogatories and his deposition that he has experienced no physical symptoms as a result of the alleged negligence of the Boston Police Department.  See Exhibit A, Deposition, at 7:7 – 68:9; Exhibit I, Plaintiff's Answers to City of Boston Interrogatories, Nos. 8 and 13.  Being questioned periodically by family members or friends on the state of his case is not a physical symptom.  See Exhibit A, at 68:10 – 69:5 and 97:9 – 18.  Additionally, nervousness every time he sees a police officer, especially in the absence of any other symptoms, is not a physical symptom.  See Exhibit A, at 96:24 – 97:8; DiGiovanni, 390 Mass. at 271; Tomaiolo, supra.  The evidence available after discovery is clearly not enough to meet the physical harm requirement for negligent infliction of emotional distress.

In addition, to the extent that any of the activity on which Rosa bases his negligent infliction of emotional distress claim occurred more than three years prior to the date his complaint was filed, January 14, 2004, it should be excluded from consideration for purposes of summary judgment because it

6

occurred before the statute of limitations began to run.  G.L. c. 258, § 4.

Therefore, Mr. Rosa's claim of negligent infliction of emotional distress should be dismissed and judgment entered for the City of Boston.

**II.  The City Of Boston Did Not Violate 42 U.S.C. § 1983 Because Mr. Rosa Cannot Show His Constitutional Rights Were Violated By A Municipal Custom, Policy, Or Practice.**

Mr. Rosa alleges that the agents, employees, and/or servants of the City of Boston failed to follow proper police procedures and in so doing, violated his civil rights.  See Complaint ¶¶ 13, 17.  A local government may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents.  A municipality can be held liable under § 1983 only if the plaintiff proves that the municipality's policy or custom caused the resulting injury or deprivation of rights.  See Judge v. City of Lowell, 160 F.3d 67, 78 (1st Cir. 1998) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).  Additionally, the plaintiff must prove that "the municipality possessed the requisite level of fault," or "deliberate indifference."  Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005) (citing Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).  Here Mr. Rosa does not even allege that a municipal policy or custom exists.  See Complaint ¶ 17.  Nor does

7

he have any evidence that one exists. Therefore, he should be barred from recovering on his first cause of action.

    A.    **Nature of Municipal Section 1983 Liability**

"The doctrine of respondeat superior is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." Monell v. New York Department of Social Services, 436 U.S. 658, 665 n.7 (1978). It is only when the "execution of the government's policy or custom . . . inflicts the injury" that a municipality may be held liable under 42 U.S.C. § 1983. See Springfield v. Kibbe, 480 U.S. 257, 267 (1987). The burden is on the plaintiff to identify a municipal policy or custom that caused his injury. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Id. at 403-04. A "policy" giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. Id. at 397.

The plaintiff must also demonstrate that, through its deliberate conduct, the City was the moving force behind any alleged injury. See City of Canton v. Harris, 489 U.S. 378, 397 (1989) (citing Monell, 436 U.S. at 694). To prove that a custom

or policy is the "moving force" behind the alleged injury, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the injury. See Brown, 520 U.S. at 406-07. Thus, the plaintiff here must show that the City was culpable for any actions taken and that there is a direct causal link between any such action and the Plaintiff's injury.

> B. **The Record In This Case Includes No Evidence Of A Municipal Custom, Policy Or Practice Which Was The Moving Force Behind The Plaintiff's Injuries.**

The Plaintiff in this case has failed to identify a municipal policy or custom which deprived him of a constitutional right. In responding to written discovery, the Plaintiff failed to identify any municipal policy or policy maker, when asked. In its Interrogatory No. 17, the City asked the Plaintiff to identify the factual basis for his § 1983 claim:

> "Interrogatory No. 17: Please set forth in full and complete detail the factual basis for your allegations in paragraph 17 of the Complaint that the defendant violated your rights protected under 42 U.S.C. § 1983.
>
> "Response No. 17: The Plaintiff OBJECTS to this Interrogatory but will respond as follows: The Boston Police Department purposely removed the photograph of the individual who was initially arrested, and replaced his photograph with that of mine, which resulted in my further 'arrests' and jail confinement. The Boston Police Department violated my civil rights by these and other actions on several occasions during

9

>a 4 year period of time. The Boston Police Department failed to take any action to correct their records despite court order to do so and/or with the knowledge that I was not the person who was the subject of the indictments. Despite knowing this information as early as March 11, 1997, the Boston Police Department actions or in actions [sic], resulted in the continued violation of my rights, privileges and immunities as set forth under 42 U.S.C. sec. 1983."

Even if it is true that a Boston Police Officer purposely removed a photograph of Luis Santiago and replaced it with a photo of Manuel Rosa, which the City denies, that allegedly occurred in 1997. Conduct committed in 1997 cannot form the basis for § 1983 liability in this case (or any other cause of action), since the three-year statute of limitations had run prior to the filing of this lawsuit in January, 2004. In § 1983 actions, federal courts apply the state statute of limitations governing actions for personal injury. Albright v. Oliver, 510 U.S. 266, 280 (1994). In Massachusetts, the statute of limitations for personal injury actions is three years. M.G.L. c. 260, § 2A. In fact, almost all of the individual conduct alleged by the Plaintiff occurred prior to the expiration of the three-year statute of limitations.

Moreover, the plaintiff points only to individual actions and no municipal policy, custom or practice indicative of any conduct aside from that alleged to have been directed against the Plaintiff himself. The Plaintiff requested policies on arrest and booking procedure, which the City has produced.

Plaintiff can point to nothing in those written policies which violates any Constitutional right. To the extent that any of those policies was not followed, the individual acts cannot form the basis of municipal § 1983 liability because deviations from the written policy obviously would not be the policy of the City. Plaintiff's attempts to characterize the actions of individual officers as City policy amounts to an attempt to impute liability to the City by a respondeat superior theory, which does not stand up to the case law. See Monell, 436 U.S. at 665 n.7. Plaintiff has done no further discovery or taken any depositions to generate any further evidence on the issue of whether these alleged deviations constituted a custom or practice of the Department, thus no evidence of that exists.

    **C.** **The Record In This Case Includes No Evidence Of A Deliberate Indifference Of Policymakers That Caused Non-Policymakers To Violate His Constitutional Rights.**

The Plaintiff claims that "as a result of the . . . deliberate indifference in maintaining proper and accurate records . . . the City of Boston . . . caused [him] to suffer severe and permanent personal injuries." Complaint, ¶ 13. In order for the City of Boston to be liable under § 1983, the Plaintiff must prove that the City "possessed the requisite level of fault," or "deliberate indifference." Young, 404 F.3d at 26 citing Brown, 520 U.S. at 404.

Mr. Rosa has no evidence that the City was deliberately indifferent to any of the alleged actions of its employees. There is no evidence that the City was deliberately indifferent in maintaining proper records. As explained below, the warrant management system is not maintained by the City of Boston. See M.G.L. c. 276, § 23A. It is maintained by the Criminal History Systems Board, with input from the trial court. Id. In fact, the Boston Police Department is not allowed to modify the Warrant Management System's data. Exhibit K, Warrant Management Handbook, page 6.

Because the Record contains no evidence of a policy which violates any of the Plaintiff's constitutional rights and no evidence of any deliberate indifference to any deviations from City policy, the Plaintiff's § 1983 Monell claim must be dismissed.

III. **The City Of Boston Cannot Be Held Liable Under M.G.L. C. 258 Because The Plaintiff Has Produced No Evidence Of Negligence, And Claims Of Negligence Against The City Of Boston Are Barred Where Employees Exercise Due Care In Executing Any Statute, Employees Are Engaged In Discretionary Functions, And/Or The Plaintiff Alleges A Failure To Act.**

Plaintiff's remaining claim is for violation of the Massachusetts Tort Claims Act. This memorandum assumes that this is a claim for negligence, as the Tort Claims Act, M.G.L.

12

c. 258, merely allows persons to sue the Commonwealth or a municipality for negligence.  Id. § 2.

To the extent that the Plaintiff argues that any of his arrests or confinements constitutes negligence, he pleads in error.  False arrest and false imprisonment are intentional acts, for which municipalities are not liable.  M.G.L. c. 258, § 10(c).  In addition, any alleged actions of City employees that occurred prior to January 14, 2001 are barred from consideration as the basis for any claim of negligence, as the three-year statute of limitations had run.  M.G.L. c. 258, § 4.

> **A. Negligent Recordkeeping Cannot Form The Basis Of A Negligence Cause Of Action Because The Record Includes No Evidence Of Negligent Bookkeeping By The City Of Boston; On The Contrary, The Warrant Management System Is Administered By The Trial Court And The Boston Police Department Is Prohibited From Altering Any Data In The WMS.**

Mr. Rosa claims that the City was grossly negligent in maintaining proper and accurate records.  Exhibit B, Complaint, ¶ 13.  There is no evidence in the record that shows that any City of Boston employee was negligent in maintaining Boston Police records.

Mr. Rosa was arrested because a valid warrant existed for him in the Warrant Management System ("WMS").  The WMS is operated and maintained by the Trial Court of the Commonwealth of Massachusetts, not police departments.  M.G.L. c. 276, § 23A.  Warrant information is entered by the Trial Court and recalled or

13

removed by the Trial Court.  M.G.L. c. 276, § 23A.  "Law enforcement agencies are not allowed to modify WMS data entered by the courts."  United States v. Henderson, 229 F. Supp. 2d 35, 39 (D. Mass. 2002); Exhibit K, Warrant Management Handbook, page 16.

The confusion over the name and identity of the Plaintiff and the person originally arrested in 1993, later identified as Luis Santiago, could easily have been corrected by the Trial Court by altering the data in the WMS.  Because the Trial Court did not correct the original bench warrant, it remained valid in the WMS.  When the Plaintiff was pulled over for making an illegal U-turn in 1998, the bench warrant remained in the WMS and the arresting officer relied on the warrant to arrest the Plaintiff.  After this second arrest, the Court again failed to amend or correct the warrant in the WMS.  In January, 2001, the Plaintiff's warrant showed up again when he was arrested on Bernard Street in Dorchester.  Finally, after his third arrest, the Court amended the original bench warrant after the Plaintiff filed a motion to expunge the records of his arrests.  Exhibit N, Order Allowing Motion for Expungement of Records.

In essence, the Plaintiff has sued the wrong party.  If he could, he should have sued the Trial Court or the Criminal History Systems Board; both entities, however, are immune from prosecution.  This is no reason to assess blame to the City of

14

Boston. At all times, City employees relied on the Warrant Management System for their data, which they had no control over. Keeping a record of the Plaintiff's earlier arrests in the form of booking sheets had no effect on whether or not the bench warrant remained in the WMS. The bench warrant remained in the WMS because of the actions of non-employees outside the control of the City of Boston.

> **B.  Even If There Was Some Evidence Of City Employee Negligence, The Plaintiff's Negligence Claims Are Barred By Several Exceptions To Chapter 258 Liability.**
>
> > **1.  At all relevant times, City employees exercised due care in executing a statute; hence Plaintiff's claim is barred by c. 258, § 10(a).**

Because the police officers who arrested the Plaintiff and kept records of his arrests were exercising due care in the execution of a statute and/or regulation of the City, a negligence claim against the City is barred. M.G.L. c. 258, § 10(a). Mr. Rosa can offer no evidence to show that the police officers were not exercising due care; therefore, there is no issue of material fact and Mr. Rosa's claims must fail. <u>Dineen v. Department of Social Services</u>, 11 Mass. L. Rptr. 184, 2000 WL 199819 (Mass. Super. Ct. 2000). By relying on the WMS when arresting Mr. Rosa, the police officers were following the warrant management statute. M.G.L. c. 276, § 23A. "If a warrant is valid on its face, as was the warrant at issue here, the executing officers are entitled to rely on the warrant and to

15

execute it according to its terms; the officers have no duty to make inquiry as to the validity of the facts on which the warrant is based." Donahue v. Commonwealth, 2 Mass. L. Rptr. 181, 1994 WL 879767 (Mass. Super. Ct. 1994) (citing Morrill v. Hamel, 337 Mass. 83, 85-87 (1958)). Thus, it is clear that by relying on the warrant in WMS, which is valid on its face, the officers were exercising due care and the City is not liable for their actions.

> **2. The Plaintiff's claims are also barred because all relevant City employees were engaged in discretionary functions when they were arresting and booking the Plaintiff.**

The Tort Claims Act bars recovery on negligence claims based "upon the exercise or performance [of] a discretionary function . . . acting within the scope of his employment, whether or not the discretion involved is abused." M.G.L. c. 258, § 10(b). The Supreme Judicial Court of Massachusetts has held that "the conduct of law enforcement officials in investigating potentially criminal conduct and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in § 10(b)." Sena v. Commonwealth, 417 Mass. 250, 257 (1994). In this case, each use of the warrant management system and subsequent choice to arrest and book the Plaintiff, to the extent that any City employees had control over any of the recordkeeping procedures,

is covered by the discretionary function exception, and the Plaintiff's claims are barred.

### 3. Claims based on failures to act are barred by § 10(j) of the Massachusetts Tort Claims Act.

The Massachusetts Tort Claims Act provides the City with immunity for their alleged failure to remove the warrant from the Warrant Management System. M.G.L. c. 258, § 10(j). Section 10(j) shields the City from

> any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.

Id.

In this case, the condition or situation is the incorrect warrant issued in the name of the Plaintiff. This warrant was created by the Trial Court, not the City of Boston. It was the conduct of the Trial Court, a third party, that caused the warrant to remain in the Warrant Management System. As explained above, "[l]aw enforcement agencies are not allowed to modify WMS data entered by the courts." United States v. Henderson, 229 F. Supp. 2d 35, 39 (D. Mass. 2002); see also Brum v. Town of Dartmouth, 428 Mass. 684 (1998).

The City was not the original cause of the Plaintiff's injuries. The original cause of the injuries is either Luis Santiago lying to the police by giving the false name of Manuel

17

Rosa, the Plaintiff.  Or, it was the issuance of an incorrect warrant created by the Trial Court and the Criminal History Systems Board and their subsequent failure to correct the record when they knew that the person named in the original warrant was not the Plaintiff.  The City, as stated earlier, has no control over the warrants contained in the Warrant Management System.

Therefore, the negligent recordkeeping claim is barred as a matter of law by M.G.L. c. 258, § 10(j).

## CONCLUSION

All three remaining counts of the Plaintiff's Complaint should be dismissed.  The City of Boston cannot be held liable for negligent infliction of emotional distress because Mr. Rosa cannot show any evidence of the required physical injury.  The City of Boston cannot be held liable under 42 U.S.C. § 1983 because Mr. Rosa cannot show any policy or custom that caused a violation of his constitutional rights.  Finally, the City of Boston cannot be held liable under the Massachusetts Tort Claims Act because Mr. Rosa cannot prove there was negligent conduct, and the situation falls under the allowed liability exceptions in the statute.  For the above reasons, the City of Boston moves this Honorable Court to grant it summary judgment and dismiss the Plaintiff's remaining claims.

Respectfully submitted,

DEFENDANT, City of Boston
Merita A. Hopkins
Corporation Counsel

By its attorney:


__/s/ Kenneth J. Forton_____
Kenneth Forton (BBO# 651562)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4037