COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT
                                               NO. 1993 CR 10469

COMMONWEALTH

V.

MANUEL ROSA        MOTION FOR EXPUNGEMENT OF
              BOSTON POLICE RECORDS AND MASSACHUSETTS
                   BOARD OF PROBATION RECORD

*[Handwritten annotations: Motion Allowed in addition CPB1611 OSC 2/21/01; This indictment (93-10469) is hereby ordered amended to read "Comm. v. John DO aka Manuel Rosa"]*

The above named individual herein, Manuel Rosa, moves this Honorable Court to order the Boston Police Department and the Massachusetts Board of Probation to expunge any and all records arising from the arrest(s) of Mr. Rosa, including but not limited to; booking photographs, fingerprint(s), warrant(s), police reports, Cori records, and other identifying information that relates to Manuel Rosa.

As grounds and reasons therefore,

1. In January 1993, Manuel Rosa's license and other forms of identification, were either lost or stolen from his possession.

2. On April 1, 1993, indictments were returned against an individual using the identification of Manuel Rosa. The indictments allege distribution of Class A and B and conspiracy to violate the Controlled Substance Act.

3. Prior to which, the individual utilizing Mr. Rosa's identification was arrested by the Boston Police, booked, photographed and fingerprinted. He was subsequently arraigned in the Dorchester District Court and later defaulted.

-1-

4. On March 10, 1997, Manuel Rosa was arrested by members of the Boston Police, held overnight in custody, and brought to the Suffolk Superior Court on March 11, 1997, whereby the Court determined that the individual before the Court was not the individual who was subject to the indictments and ordered his immediate discharge.

5. During Mr. Rosa's arrest on March 10, 1997, the Boston Police, without cause or explanation, <u>replaced the photograph of the arrested individual with the photograph of Manuel Rosa.</u> *See attached Exhibit "A".*

6. On March 23, 1997, Manuel Rosa was again arrested by the Boston Police, held in custody overnight, brought before the Suffolk Superior Court whereby the Court again indicated that Manuel Rosa is not the subject of the indictments. *See attached Exhibit "B".*

7. Subsequent to March 23, 1997, Manuel Rosa was again arrested by members of the Boston Police on a warrant, held in custody, brought to the Dorchester District Court whereby again he is released as a result of the aforementioned.

8. On January 17, 2001, Manuel Rosa is again arrested for the fourth time by members of the Boston Police Department. He is again handcuffed, taken from his home in front of his parents and escorted in public, where his 'unjust arrest' is again witnessed by his neighbors and friends.

9. On January 18, 2001, Manuel Rosa is again brought before the Suffolk Superior Court, whereby counsel is appointed to represent him, he is again discharged after the Court again determines that he is not the individual who is the subject of the indictments.

10. Manuel Rosa is 39 years of age, he is a Dominican Republic citizen who has been in the United States for almost 25 years. He has no prior criminal record of any kind. He came to the

United States after his parents and has always lived at 523 Geneva Avenue in Dorchester. He is, and has always been gainfully employed. These arrests have made it impossible for him to apply for U.S. Citizenship, and may very well impact on his ability to 'renew' his "green card".

11. As a result of these arrests, Mr. Rosa's motor vehicle has been towed and impounded, he has lost time and pay from work, his reputation in the Community has been forever harmed. And obviously, his freedom and liberty has been unjustly compromised.

12. Despite at least (2) directives from the Court, the Boston Police have refused and/or neglected to remove and/or rectify their records as they pertain to the incident, and in particular, to Mr. Rosa.

13. No valid law enforcement purpose is served by keeping records of Mr. Rosa.

14. Mr. Rosa will undoubtedly find himself in an untenable position if his record(s) are not expunged. It will likely cause him further embarrassment in the future if he is again arrested or his previous arrests are publicly revealed. So too, he may become a suspect in future criminal investigations solely due to the fact that a record of his 'prior' arrests exists.

15. Mr. Rosa merely requests that this Court place him in the same position that he was in prior to the incident herein, an individual who has never committed any criminal offenses.

Respectfully submitted,
Manuel Rosa
by his attorney,

*Arthur L. Kelly*
Arthur L. Kelly
580 Washington Street
Newton, MA 02458
(617) 969-6724
BBO# 545186

CERTIFICATE OF SERVICE

On February 10, 2001, I, Arthur L. Kelly mailed first class U.S. postage pre-paid a copy of Notice of Hearing and copy of the Motion herein to: Mary Jo Harris, Legal Advisor, Boston Police Department, 1 Schroeder Place, Boston, MA 02120 and to: Anthony C. Sicuso, Deputy Commissioner, Legal Division - Office of the Commissioner of Probation, One Ashburton Place, Room 405, Boston, MA 02108.

*Arthur L. Kelly*
Arthur L. Kelly

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CRIMINAL DOCKET#: **SUCR1993-10469**

RE: Commonwealth v Rosa, Manuel

TO: Keeper of the Records
Commissioner of Probation
1 Ashburton Pl 4th Floor
Boston, MA 02108

### NOTICE OF DOCKET ENTRY

You are hereby notified that on 02/21/2001 the following entry was made on the above referenced docket:

**Order re: Commissioner of Probation issued. Ball, J.**

Dated at Boston, Massachusetts this 21st of February, 2001.

John A. Nucci,
Clerk of the Court

Assistant Clerk

Telephone: 617-788-8191