UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10493 GAO

MANUEL ROSA
    Plaintiff,

v.

CITY OF BOSTON
    Defendant,

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION IN OPPOSITION TO THE DEFENDANT CITY OF BOSTON'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff, Manuel Rosa, incorporates by reference the facts set forth in its Local Rule 56.1 Statement of Facts and the Statement of Facts set forth [ in part ] by the Defendant, City of Boston in it's Motion for Summary Judgment.

The Plaintiff filed his complaint against the City of Boston on February 18, 2004 in Suffolk Superior Court alleging six various causes of action:

1. Violation of his civil rights pursuant to 42 U.S.C. § 1983;

2. Violation of civil rights pursuant to the Massachusetts Civil Rights Act;

3. Unjust imprisonment;

4. Negligent infliction of emotional distress;

5. Unjust arrest;

6. Violation of the Massachusetts Tort Claims Act.

-1-

The case was removed to Federal District Court for the District of Massachusetts by the City of Boston on March 11, 2004.

The counts for unjust imprisonment, unjust arrest and violation of the Massachusetts Civil Rights Act were dismissed by stipulation of both parties on March 18, 2004.

**Summary Judgment Standard**

Pursuant to Fed. R. Civ. P. 56(b), " [a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." However, if the " pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is a genuine issue as to any material fact ," then the moving party may not be entitled to judgment as a matter of law.

Here, as is demonstrated below, clearly indicate that the Plaintiff has in fact established specific facts that give rise to both a genuine and material issue of dispute, and therefore the Defendant, City of Boston is not entitled to judgment as a matter of law.

## ARGUMENT

**I.    The Plaintiff's Claim of Negligent Infliction Of Emotional Distress Should Not Be Dismissed Because The Plaintiff Has in Fact Produced Evidence Of Physical Injury and Extreme Physical Discomfort As Would Likely Be Experienced By Any One Under Like Circumstances.**

The City of Boston can be held liable for the negligent infliction of emotional distress because the Plaintiff, Manuel Rosa has produced evidence that he did experience physical injury and discomfort, during and after, he was 'manhandled', handcuffed, shackled and forcibly removed from his surroundings to be placed in jail.

The Defendant claims that during the Plaintiff's answers to interrogatories and his deposition that when asked several times 'were you hurt physically [ by the police ]' his response was "no". Although the Plaintiff answered this question in the negative, it clear that he did not understand the context of the question *See attached Affidavit of Manuel Rosa, dated April 10, 2006, Exhibit '1'.*

-2-

It is only reasonable to assume that someone who is unjustly arrested over and over again during a four year period would at least experience nominal physical pain from the general activity commonly associated with arrests. For example, the physical force typically asserted by police officers when effectuating an arrest, the shear discomfort and pain often inflicted by the handcuffs alone. It is clear from the Plaintiff's Affidavit that he interpreted the question(s) concerning physical harm to mean " the police officers never beat me up or hit me with their night sticks ". The manifestation of 'physical symptoms' of pain and disorders that the Plaintiff endured after and during each arrest, would commonly be suffered by anyone who under went the ordeal(s) experienced by the Plaintiff. *See attached Plaintiff Manuel Rosa's Amended Answers to the Defendant City of Boston's First Set of Interrogatories, Exhibit '2'.*

In Massachusetts, the elements of negligent infliction of emotional distress are " (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993), citing Payton v. Abbot Labs, 386 Mass. 540. 557 (1982).

To satisfy the physical harm requirement, the Plaintiff must corroborate his claim of distress with " enough objective evidence of harm to convince a judge that their claims present a sufficient likelihood of genuineness to got to trial. " Sullivan, 414 Mass. at 137-38.

However, in determining the corroboration of physical harm to emotional distress, the Court indicated in Sullivan 414 Mass. at 135 that ..." the judge will use his or her discretion to evaluate the evidence, keeping in mind that the over-all goal is to determine whether the evidence sufficiently corroborates the plaintiff's claim of mental distress and to strike a wise balance between fear of fraudulent claims and the danger that worthy claims will not be heard ." See Payton, at 553.

In determining whether the plaintiff produced " sufficient objective evidence of physical manifestation of mental distress to survive a summary judgment motion . . . many courts have held-without much elaboration-that symptoms such as . . . sever headaches, sleep disorders, loss of appetite . . . ." are sufficient Sullivan at 139.

In this case, the Plaintiff has experienced sleeplessness, mild depression, anxiety and nightmares. All of which are considered 'physical symptoms' found to satisfy the physical harm element of negligent infliction of emotional distress. See Bresnahan v. McAuliffe, 47 Mass. App. Ct. 278, 282 (1999).

Therefore, Manuel Rosa's claim of negligent infliction of emotional distress should be allowed to be presented to a jury in an attempt to establish the physical manifestation requirement as well as the elements for the cause of action of emotional distress.

II.     **The City of Boston Did Violate 42 U.S.C. § 1983 Because The "Booking Policy" Of The Boston Police Department Allowed For the Substitution Of Manuel Rosa's Photograph For The Individual Originally Arrested for The Crime, And Continued To Demonstrate A Deliberate Indifference For Its Actions.**

In determining a Municipal Section 1983 liability under 42 U.S.C. § 1983, the burden is on the Plaintiff to identify a municipal policy or custom that caused the injury. See Bd. Of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). And that the "municipality possessed the requisite level of fault," or "deliberate indifference" to the individual's actions. See Young v. City of Providence, 404 F.3d 4, 26 (1sr Cir. 2005).

It is implicit in the Plaintiff's Complaint and corroborated by the actions of the police officers involved in the arrest(s) and booking(s) of the Plaintiff over a 4 year period, that their actions were based upon a 'policy' of deliberate indifference.

This 'booking policy', to which the Defendant has not refuted, allowed for the insertion of the photograph of Mr. Rosa and the removal of the arrested individual, Luis Santiago's photograph. This resulted in the unnecessary, unjust arrest of Mr. Rosa on at least 4 occasions over a 4 year period.

The Department's booking policy or practice which apparently fails to verify whether the individual in custody is the same person [ who was arrested on the charges, who later defaulted at Court, who's photo and fingerprints were taken at the time of his arrest ]. The Boston Police had (4) opportunities to corroborate, verify or otherwise determine whether they had the 'right man', and they failed to do so. It appears that the policy or practice in place did not provide for 'verification'. *See attached Boston Police Rules and Procedures March 18, 1990 and May 26, 1995 [ as they relate to Arrests and Booking ], Exhibit '3' and Boston Police Officer Michael Connolly's Affidavit dated January 30, 2006, Exhibit '4'.*

Not until a Judge of the Massachusetts Superior Court ordered the Boston Police Department to expunge all records of the arrest of Manuel Rosa as they relate to the case

-4-

of <u>Commonwealth v. Luis A. Santiago</u>, Suffolk Superior Court No. 1993 CR 10469 on February 21, 2001, did the Boston Police correct their records. *See attached docket entries of Manuel Rosa, Exhibit '5' and Luis A. Santiago, Exhibit '6' and Expungement Order, Exhibit '7'.*

Such verification or confirmation merely required the Boston Police to properly research their own records and files. It appears that the 'policy', custom or practice in effect regarding same did not allow and/or provide for this simple review. As such, the City of Boston possessed the requisite level of fault and demonstrated a callous and deliberate indifference to the 'serial' arrests and confinements of Mr. Rosa.

It is clear that the City of Boston is culpable for the actions of the police officers and that there is a direct causal link between these actions and the Plaintiff's injury. See <u>Brown</u>, 520 U.S. at 406-07.

As such, the Plaintiff has demonstrated that the Defendant, City of Boston was at the very least indifferent to maintaining proper records. And thus was deliberately indifferent to any of the alleged actions of its employees resulting in the repetitive violation of Manuel Rosa's civil rights.

### III. The City of Boston Can Be Held Liable Under M.G.L. C. 258 Because The Plaintiff Has Produced Evidence of Negligence Based On the Claim That Boston Employees At A Minimum, Were Negligent In Maintaining Boston Police Records and/or Verifying the Proper Identity of the Individual Arrested, Manuel Rosa, On At Least (4) Occasions During a (4) year Period.

The Plaintiff asserts that the City of Boston was grossly negligent in maintaining proper and accurate records. There is ample evidence that City of Boston employees were further negligent in failing to verify upon arrest, whether the individual in custody is the subject of the arrest warrant.

A mere cursory look at the booking photo of Luis A. Santiago during his arrest on March 24, 1993 and/or a comparison of the Plaintiff's fingerprints with that of Santiago's and/or an inquiry into the officers who arrested Santiago, would undoubtedly have resolved the identity issue. The Defendant through its employees failed to do so, not once, but on four separate occasions.

The Defendant claims in its application for summary judgment that a valid warrant existed for him in the Warrant Management System ("WMS"). And therefore, because WMS is maintained by the Massachusetts Trial Court and Commonwealth of Massachusetts, that the Boston Police are not the proper party to be sued. *See Defendants Memorandum in Support of its Motion for Summary Judgment, pages 13-15.*

On the contrary, but for the failure of the Boston Police to (1) verify the true identity of Luis A. Santiago at the time of his arrest on March 23, 1993 [ when he allegedly used the stolen driver's license of the Plaintiff Manuel Rosa ] the name of Manuel Rosa would not have been entered into WMS by the trial Court and thus a warrant in his name would not have issued; (2) when Manuel Rosa is initially arrested as a result of a court default by Santiago, he claims to the police is not the man they are looking for, this of course falls upon deaf ears and there is no effort to verify or invalidate his claim; (3) Manuel Rosa is again and again arrested until the Superior Court takes corrective action and orders a directive to the Boston Police Department and to the WMS on January 18, 2001 and February 21, 2001.

Prior to which, the Boston Police took no action by way of investigation, review or record correction as same relates to the arrest(s) of Manuel Rosa or Luis A. Santiago. That due care was not exercised by City of Boston's employees with regard to the 'booking process' and overall record keeping, and that the arrest(s) of both Rosa or Santiago were not properly conducted to sufficiently and with due care, establish the true identity of either.

As such, the Plaintiff claims should not be dismissed nor barred as set forth under the Massachusetts Tort Claims Act.

## CONCLUSION

All three remaining counts of the Plaintiff's complaint should not be dismissed. The City of Boston can be held liable for the negligent infliction of emotional distress because Manuel Rosa can show evidence of the required physical injury. The City of Boston can be held liable under 42 U.S.C. § 1983 because Manuel Rosa can show a policy or practice that caused a violation of his constitutional rights. And also, the City of Boston can be held liable under the Massachusetts Tort Claims Act because Manuel Rosa can prove there was negligent conduct by employees of the City of Boston. As such, there remains several genuine issues of material fact in dispute.

For the forgoing reasons, the Plaintiff, Manuel Rosa, moves this Honorable Court to deny the Defendant City of Boston's motion for summary judgement and allow said claims to be presented to a jury for trial and consideration.

              Respectfully submitted,
              Manuel Rosa
              By his attorney,

              /s/ Arthur L. Kelly
              Arthur L. Kelly
              580 Washington Street, Suite 2B
              Newton, MA 02458
              (617) 969-6724
              BBO# 545186